IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

LOUISE HEARD,                                    *
                                                 *
                              Plaintiff,          *
                                                 *
vs.                                              *        No. 3:10CV00272 SWW
                                                 *
CITY OF BLYTHEVILLE, ARKANSAS;                   *
ET AL.,                                          *
                                                 *
                              Defendants.         *

**Memorandum Opinion and Order**

This matter is before the Court upon a motion to dismiss filed by separate defendants City

of Blytheville, Arkansas ("the City"), and Ross Thompson, Chief of Police, Blytheville Police

Department ("Thompson").  Plaintiff responded to the motion and separate defendants filed a

reply.  For the reasons stated below, the motion is granted.

**Background**

Plaintiff Louise Heard ("Heard") is a black female who was arrested on January 25, 2010[1],

at around 8:30 a.m. by members of the Blytheville Police Department.  The arrest allegedly was

for failure to appear as a witness in a December 8, 2009, juvenile court proceeding.  Heard

attaches a copy of the warrant of arrest as an exhibit to her complaint.[2]  Heard says Blytheville

police officers took her to the Mississippi County Detention Center where she was strip searched,

placed in orange prisoner clothing, and held until around 11:30 a.m. on January 26, 2010.  On the

---

[1]The complaint says plaintiff was arrested on January 25, 2008, *see* Compl. at ¶ 15, but it appears
from the remainder of the complaint that the arrest took place on January 25, 2010.  *See* Compl. at ¶ 28.  It
is unclear whether her arrest occurred at 8:30 a.m. or 8:30 p.m.  *See* Compl. at ¶¶ 15 and 28.

[2]Pl's. Compl., Ex. A.

26th, she rode handcuffed and shackled in a sheriff's office van to the Mississippi County Circuit Court.  Heard said that once the circumstances surrounding her absence from the December court date were explained, the judge ordered Heard released.  Instead of being immediately released, Heard complains she was held until the court session was over, transported handcuffed and shackled back to the detention center where she was paraded through with other prisoners, and stripped searched again by the guards prior to her release.

Heard alleges she never received a notice requiring her to appear as a witness in the December 2009 juvenile matter, and complains that the "City of Blytheville Police Department . . . had at its disposal officers and actual data which would have and should have established that the Plaintiff had not been given notice of a requirement to appear as a witness . . ."  Compl. at ¶38.  She claims that "either the failure of the defendant, City of Blytheville, Chief of Police, the Mississippi Sheriff Department to make a diligent and truthful effort to present to the court the actuality of circumstances, i.e. that the Plaintiff had never been served with Notice to Appear led to her wrongful arrest and her incarceration."  Compl. at ¶39.  Heard alleges that Thompson was "in a position of making a final decision of whether or not the Plaintiff should have been immediately released upon the instruction of the Circuit Judge . . . and determined that the plaintiff should not be released even though ordered by court."  Compl. at ¶40.

She asserts the strip searches were undertaken pursuant to policies of the police department and the sheriff department, Compl. at ¶ 43, and her treatment at the jail after being released by the state court judge was not in accordance with department policies.  Compl. at ¶ 44. Heard alleges the Blytheville Police Department and Thompson violated her 4th and 14th Amendment rights because they had no probable cause to arrest her or detain her.  Compl. at ¶¶ 46-48.  She asserts that the City caused in part the violation of her rights because of the  policies

and customs of the Blytheville Police Department.  Compl. at ¶49.

The City and Thompson move for dismissal of Heard's claims pursuant to Fed.R.Civ.P. 12(b)(6), failure to state a claim upon which relief can be granted.  Heard responds that the motion is premature because there has been no discovery in the case.  She states her requests for documents under the Freedom of Information Act were not complied with prior to filing the lawsuit, and she requests a stay of any ruling on the motion to dismiss until discovery is complete.

**Standard of Review**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  In reviewing the complaint, the Court must "accept as true all of the factual allegations contained in the complaint." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir.2008) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). All reasonable inferences from the complaint must be drawn in favor of the plaintiff. *Crumpley-Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588, 590 (8th Cir.2004). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (internal citations omitted).  A complaint must allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a plaintiff's allegations.  *Id.* at 556.  Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf,* 517 F.3d at 549.

Although Heard asserts she needs to conduct discovery in order to properly state her

3

claims against the City and Thompson, the motion before the Court is one for dismissal not summary judgment, and in considering a motion to dismiss, courts "look **only to the facts alleged in the complaint** and construe those facts in the light most favorable to the plaintiff." *Riley v. St. Louis Cnty.,* 153 F.3d 627, 629 (8th Cir.1998) (emphasis added).

## Discussion

Plaintiff claims officers with the Blytheville Police Department illegally arrested her because the warrant on which her arrest was based was invalid. "An arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer." *Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir. 1988). Heard makes no allegation that the arrest warrant was facially invalid. She asserts that the Blytheville Police Department "had at its disposal officers and actual data which would have and should have established that Plaintiff had not been given notice of a requirement to appear as a witness in the aforementioned court proceeding." Compl. at ¶ 38. "[A] plaintiff, who was mistakenly arrested and detained pursuant to a valid warrant and probable cause" cannot state a cause of action under § 1983. *Rheuport v. Ferguson*, 819 F.2d 1459, 1466 (8th Cir. 1987). Due process is provided when "the defendants [meet] the fourth amendment requirement of a judicial determination of probable cause. Any harm caused *after* these procedural protections [are] observed might be remediable under state tort law . . . but not under section 1983." *Id.* (internal citation omitted). Because Heard fails to allege facts sufficient to support a claim that the warrant for her arrest was facially invalid, the Court finds the claims against the City should be dismissed.

To the extent Heard alleges Thompson and/or his officers had a duty to investigate whether the facts leading to Heard's charge of failure to appear were valid, the Court finds there is no such duty. *See Baker v. McClollan*, 443 U.S. 137, 145-46 (1979)( "[W]e do not think a

4

sheriff executing an arrest warrant is required by the Constitution to investigate independently

every claim of innocence, whether the claim is based on mistaken identity or a defense such as

lack of requisite intent. Nor is the official charged with maintaining custody of the accused named

in the warrant required by the Constitution to perform an error-free investigation of such a

claim.")

Heard contends that a police officer who worked for Thompson determined that Heard

should remain in custody of the sheriff's department after the state judge ordered her released;

that such decision violated her constitutional right not to be arrested without probable cause; and

that the City caused her rights to be violated "by reason and policies and customs of its

department."  Compl. at ¶ 49.  "In order to hold a municipality liable under § 1983, a plaintiff

must establish that 'the action that is alleged to be unconstitutional implements or executes a

policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the

municipality's officers], or that a 'constitutional deprivation [was] visited pursuant to

governmental 'custom' even though such a custom has not received formal approval through the

body's official decisionmaking channels.'" *Marchant v. City of Little Rock*, 741 F.2d 201, 204 (8th

Cir. 1984 (internal citation omitted).  Heard seems to allege that the City had a policy or custom

of retaining custody of individuals who have been ordered released from custody.  Heard offers

no factual support for her claim that the City has an unconstitutional policy or practice in place

that led to her alleged illegal detention at the county jail.

In order to recover against a city employee sued in his official capacity, a plaintiff must

establish the existence of a city policy or custom.  *Monell v. Dept of Social* Services, 436 U.S.

658, 690 (1978).  In the absence of facts to support a claim that the City had an unconstitutional

policy or custom, the Court finds Heard's claims against Thompson in his official capacity should

be dismissed.  Further, Heard fails to allege any factual basis to show Thompson individually had a role in her detainment once she was transferred to the county jail.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (internal citation omitted).  Here, Heard fails to allege sufficient factual matter to state a claim that is plausible on its face against Thompson in his individual capacity or the City and Thompson in his official capacity.  Therefore, the Court finds the motion to dismiss should be granted.

## Conclusion

IT IS THEREFORE ORDERED that the motion to dismiss filed by the City of Blytheville and Ross A. Thompson [docket entry 6] is granted. Plaintiff's claims against these defendants are dismissed.[3]

DATED this 2nd day of May, 2011..

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[3]Plaintiff names the Blytheville Police Department as a defendant.  Municipal police departments are not legal entities subject to suit.  They are simply departments or subdivisions of the City government. *Ketchum v. City of West Memphis,* 974 F.2d 81, 82 (8th Cir.1992).  Plaintiff's claims against the Blytheville Police Department are dismissed.